E. L. MORRISON, *Receiver*, etc. v. A. M. HARMON, *Sheriff*, *etc., et al.*

(No. 7486)

Submitted January 17, 1933. Decided February 7, 1933.

*Conley & Klostermeyer*, for plaintiff in error.
*C. E. Copen*, for defendant in error.

LITZ, JUDGE:

This suit was instituted in the circuit court of Putnam county, December 15, 1931, by E. L. Morrison as receiver of the Bank of Winfield against A. M. Harmon (sheriff of said county), as committee of C. A. Howell, a convict, J. M. Henson, J. W. Anderson, W. E. Hodges, S. N. Robey, J. E. Frazier and C. B. Smith, as administrator of Howard C. Smith, deceased, to recover the penalty of a bond of $10,000.00 executed by C. A. Howell, J. M. Henson, J. W. Anderson, W. E. Hodges, Howard C. Smith, S. N. Robey and J. E. Frazier, for the faithful performance by Howell of his duties as cashier of said bank and his accounting to it for all money coming into his hands "as such cashier".

Howell was elected cashier of the bank on December 30, 1922. The bond, dated January 12, 1923, was approved by the directors of the bank the following day. January 19, 1927, the Fidelity & Deposit Company of Maryland executed a

bond in the penalty of $10,000.00 indemnifying the bank for any loss to it on account of wrongful acts committed by Howell, as cashier, after January 17, 1927. Defendants undertook to prove that the obligors in the personal bond were released of liability thereunder by the directors of the bank at the time of the execution of the commercial bond. There is no record of such agreement nor any consideration for its validity. Moreover, the oral evidence, when analyzed, means nothing more than that the obligors in the first bond (most of whom were directors) understood they would not be liable for losses sustained by the bank after the effective date of the second bond, which, of course, is a fact. In January, 1929, the National Surety Company of New York executed a similar bond. September 14, 1929, H. A. Abbott, commissioner of banking, ordered the bank closed because of insolvency, and, on November 4th, following, appointed Morrison receiver. Howell was later convicted on his plea of guilty, and sentenced to the penitentiary, for embezzlement of funds belonging to the bank. The receiver recovered on each of the commercial bonds for defalcations committed by Howell during its effective period.

The items of loss, for which recovery is sought in this action, involve the following transactions:

(1) On January 13, 1923, Howell, as cashier, procured a note of the same date payable to the bank, purporting to have been signed by W. E. Hodges, maker, and endorsed by W. A. Hodges, for $2,631.65. The plaintiff claims that this note was substituted by Howell for other notes in the possession of the bank. That would not constitute loss to the bank because (1) the original notes are not shown to have been of any value, and (2) if of value, the bank has not been deprived of its right to enforce their payment by reason of the unauthorized substitution. The trial court therefore properly excluded from consideration by the jury evidence relating to this item.

(2) On April 23, 1923, Howell, as cashier, discounted a note of the same date, payable to the bank and purporting to have been signed by J. W. Anderson, as maker, for $3,-000.00, and credited the proceeds thereof to his checking account.

(3) On June 22, 1925, Howell, as cashier, deposited in the bank a note of the same date, payable to it, purporting to have been signed by John H. Smith, maker, for $2,800.50. Plaintiff contends that this note was the continuance of a note dated July 16, 1923, purporting to have been signed by E. K. Howell, maker, for $350.00; and increased upon subsequent renewals, in the names of Harry Wright and John H. Smith. Howell discounted the original note and credited the proceeds thereof to his checking account. Plaintiff claims that Howell must have also credited himself, at the times the amount of the note was increased by renewals, with the difference between the amount of the previous note and the renewal. This is denied by Howell in his testimony as a witness for plaintiff; and the only evidence supporting the contention is the crediting of $500.00 to the checking account of Howell, December 18, 1923, the renewal note for $1,250.00 in the name of Harry Wright, dated December 21, 1923, and the crediting of $369.56, on the same day, to the checking account of Howell. We doubt if this showing is sufficient to support a finding of loss to the bank beyond the proceeds of the original note.

(4) On January 26, 1925, Howell, as cashier, discounted a note of the same date, payable to the bank, purporting to have been signed by J. W. Anderson, maker, for $2,500.00 and credited the proceeds thereof to his checking account.

(5) On July 12, 1926, Howell, as cashier, discounted a note of the same date, payable to the bank, purporting to have been signed by John C. Howell, maker, for $500.00 and credited the proceeds thereof to his checking account.

The J. W. Anderson, John C. Howell and E. K. Howell notes (the proceeds of which C. A. Howell used for his own benefit) were unenforceable. The testimony of C. A. Howell, relied on by defendants to prove his repayment of these several sums to the bank, was not sufficiently definite or dependable to carry the issue to the jury. It consists merely of the statement of C. A. Howell that he retired a large amount of bad notes held by the bank which a former cashier had discounted for his own benefit. Howell claims he did this by executing checks or other notes, but offers no evidence of such checks or notes or of their payment.

The trial court excluded the evidence relating to the Hodges note, and submitted to the jury the issues (a) whether the directors of the bank had released the obligors on the bond, and, if not, (b) whether the bank had sustained any loss under the bond by reason of the remaining items of damage.

Plaintiff prosecutes error to the judgment entered on a verdict in favor of the defendants, assigning as grounds the aforesaid rulings, and contending that a verdict should have been directed in his favor for the full amount claimed.

The trial court, in our opinion, should have directed a verdict in favor of plaintiff for the proceeds of the J. W. Anderson, John C. Howell and E. K. Howell notes, with interest.

The judgment is reversed, verdict set aside, and a new trial awarded.

*Reversed and remanded.*